**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3447
_____

JAMES TALLEY, Firefighter,
                                        Appellant

v.

JEROME B. SIMANDLE, District Judge
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-03984)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  March 26, 2015)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant James Talley appeals from the District Court's order dismissing his *in forma pauperis* ("IFP") federal civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss this appeal as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).

Appellee Jerome B. Simandle is a United States District Judge for the District of New Jersey.  In March 2004, Talley filed suit in the District of New Jersey alleging Fourth Amendment violations, wrongful termination, and various other state-law violations by the City of Atlantic City, for which Talley was employed as a firefighter until discharged after testing positive for cocaine.  See Talley v. City of Atl. City, No. 04-cv-1146 (D.N.J. Jan. 26, 2005).  In January 2005, Judge Simandle dismissed Talley's suit, holding, inter alia, that Talley had failed to state a claim upon which relief may be granted and was time-barred from bringing a claim under 42 U.S.C. § 1983; the court declined to exercise jurisdiction over Talley's remaining state-law claims, see 28 U.S.C. § 1367(c).  Judge Simandle subsequently denied numerous post-judgment motions by Talley.  Talley filed multiple unsuccessful appeals.[1]

On July 9, 2013, Talley brought this action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the United States Department of Justice and Judge Simandle in the Eastern District of Pennsylvania. Talley alleged that Judge Simandle improperly dismissed his 2004 suit in violation of Talley's due process rights.  Talley requested monetary damages and re-adjudication of

---

[1] See Talley v. City of Atl. City, C.A. No. 05-3780 (order filed Nov. 22, 2005); Talley v. City of Atl. City, C.A. No. 07-4074 (order filed Sept. 11, 2008); Talley v. City of Atl. City, C.A. No 10-3428 (order filed Jan. 13, 2011).

his 2004 case against Atlantic City. On July 16, 2013, the District Court granted Talley's motion to proceed IFP but dismissed his complaint with prejudice pursuant to § 1915(e)(2)(B) as barred by judicial and sovereign immunity. Talley timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Talley's complaint under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). We will dismiss an appeal as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under the doctrine of judicial immunity, a judge is immune from suit for monetary damages arising from his judicial acts. Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). The only exceptions are for nonjudicial actions or those "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S 9, 12 (1991). In deciding the viability of Talley's claims, Simandle engaged in a quintessentially judicial act, and Talley has alleged no facts to support an inference that Simandle acted in the clear absence of his jurisdiction. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006).

We note that Talley's allegations do not actually involve the Department of Justice in any meaningful way. Moreover, he may not maintain a <u>Bivens</u> action against a federal agency. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 486 (1994).

As for his request for equitable relief, Talley's 2004 suit against Atlantic City was dismissed, among other reasons, as time-barred and for failure to state a claim, making the dismissal a final judgment on the merits. See Fed. R. Civ. P. 41(b); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995). The doctrine of res judicata therefore prevents a court from re-adjudicating those claims. See <u>EEOC v. U.S. Steel Corp.</u>, 921 F.2d 489, 493 (3d Cir. 1990). We observe that Talley offers no grounds to support an inference that he was not afforded a full and fair opportunity to litigate those 2004 claims. See <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 480–84 (1981).

Under the circumstances of this case, the District Court certainly did not abuse its discretion in denying leave to amend on the grounds of futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

In conclusion, because Talley's appeal lacks any arguable legal basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).